IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION

BRIAN WILLIAMS,

        Petitioner,

v.                                  CASE NO. 4:08cv192-SPM/MD

WALTER MCNEIL,

        Respondent.
_____/

## ORDER

THIS CAUSE comes before the Court for consideration of the magistrate judge's report and recommendation (doc. 24) dated April 1, 2009. Petitioner has filed objections (docs. 26 and 27) pursuant to Title 28, United States Code, Section 636(b)(1). Having considered the objection, I have determined that the report and recommendation should be adopted.

The report and recommendation is well-reasoned and thoroughly addresses Petitioner's claims. In response to Petitioner's objection, including the arguments made in his motion to expand the record, just one additional point will be made. To establish prejudice under Strickland, a defendant must show that but for counsel's deficient performance, the outcome of the proceedings probably would have been different. . Strickland v. Washington, 466 U.S. 668, 687-89

(1984); see also Jackson v. Herring, 42 F.3d 1350, 1361 (11th Cir. 1995)

(distinguishing Strickland standard from other prejudice standards).  In certain

contexts, prejudice under Strickland can be presumed, but the contexts are very

limited.[1]  Petitioner's allegation of bias on the part of the trial judge is not a

circumstance where prejudice is presumed.  Ward v. Norris, 577 F.3d 925, 937-

38 (8th Cir. 2009).  Nor has Petitioner established prejudice under the Strickland

standard because he has not shown a reasonably probability that the outcome of

the proceedings would have been different if another judge had presided over his

trial.  Accordingly, it is

     ORDERED AND ADJUDGED:

     1.     The magistrate judge's report and recommendation (doc. 24) is

ADOPTED and incorporated by reference in this order.

     2.     The amended 28 U.S.C. § 2254 petition for writ of habeas corpus

(doc. 5), challenging the conviction and sentence in State of Florida v. Brian B.

Williams in the Circuit Court of Leon Count, Florida, case number 2000-1925, is

denied.

---

[1] For example, if defense counsel is absent at a critical stage of the proceeding or fails to challenge the prosecutor's case, prejudice is presumed. United States v. Cronic, 466 U.S. 648, 659-60 (1984).  If defense counsel fails to file a notice of appeal, prejudice is presumed.  Lozada v. Deeds, 498 U.S. 430, 432 (1991).  If defense counsel operates under an actual conflict of interest that has an adverse affect on his performance, prejudice is presumed.  Cuyler v. Sullivan, 446 U.S. 335, 349-50 (1980).

3.      Petitioner's motion for summary judgment (doc. 22) is denied.

4.      Petitioner's Motion for Expansion of the Record (doc. 27) is granted.  The arguments made by Petitioner and his exhibit (letter from Attorney Greenberg) have been considered by the Court in this ruling.

DONE AND ORDERED this 7th day of January, 2010.


_s/ Stephan P. Mickle_

Stephan P. Mickle
Chief United States District Judge